PHELPS (TEESE v.).   See Cases Nos. 13,818 and 13,819.

PHELPS (UNITED STATES v.).   See Cases Nos. 16,039–16,041.

## Case No. 11,081.

### PHELPS v. YATES.

[Cited in Smith v. Ontario, Case No. 13,085. Nowhere reported; opinion not now accessible.]

## Case No. 11,082.

### PHELPS v. YATES.

[16 Blatchf. 192;[1] 8 Reporter, 676.]

Circuit Court, N. D. New York.   April 16, 1879.

MUNICIPAL BONDS—RIGHT OF MUNICIPALITY TO SHOW THAT BONDS WERE DELIVERED WITHOUT SEAL—NUMBERS AND DATES.

By the acts of the legislature of New York, of May 11, 1868, and April 19, 1869 (Laws N. Y. 1868, p. 1823, c. 811, and 1869, p. 447, c. 241), commissioners appointed for a town were authorized to borrow money on the faith and credit of the town, "and to execute bonds therefor, under their hands and seals," in aid of a railroad.   The commissioners executed bonds and delivered them to the officers of the railroad company.   The bonds, when so delivered, contained a recital, over the signatures of the commissioners, that they were issued under the hands and seals of the commissioners.   In a suit against the town, on coupons belonging to the bonds, by a person who purchased such coupons for value and bona fide: held, that the town could not be allowed to show that the bonds were so delivered before any seals were affixed, and with the dates and numbers of the bonds in blank, upon the understanding that the bonds were not to be negotiated until certain conditions on the part of the company were fulfilled, but that, before such conditions were fulfilled, the officers of the company affixed seals to, and inserted the dates and numbers in, the bonds and negotiated them.

[This was an action by Willis Phelps against the town of Yates.   There was a verdict for the plaintiff, and the case is now heard upon the defendant's motion for a new trial.]

James F. Starbuck, for plaintiff.
George F. Danforth, for defendant.

WALLACE, District Judge.   The motion for a new trial, on the ground of newly-discovered evidence, must be denied, because, assuming that the defendant would be able to prove, upon another trial, the newly-discovered facts, these facts would not constitute a defence, nor would they be admissible in evidence.   The plaintiff was shown, upon the former trial, to be a purchaser of the coupons upon which the action was brought, for value and bona fide, and no evidence to impeach his title as such purchaser, sufficient to go to the jury, was offered, and none is proffered now.   The simple question is, whether, as against such a purchaser of the coupons, the defendant can be permitted

to show that the bonds to which the coupons were originally annexed, were delivered, by the agents of the defendant, to the officers of the railroad company, before any seals were affixed, and with the dates and numbers of the bonds in blank, upon the understanding that the bonds were not to be negotiated until certain conditions on the part of the railroad company were fulfilled; but that, before these conditions were fulfilled, the officers of the railroad company affixed seals to, and inserted the dates and numbers in, the bonds, and negotiated the bonds.

The bonds were issued by commissioners for the defendant, appointed under chapter 811 of the Laws of this state, of 1868, passed May 11, 1868 (page 1823), and chapter 241, of 1869, passed April 19, 1869 (page 447), by which the commissioners were authorized to borrow money on the faith and credit of the town, "and to execute bonds therefor, under their hands and seals."   The bonds, when delivered to the officers of the railroad company, contained a recital, over the signatures of the commissioners, that they were issued under the hands and seals of the commissioners.

It has been decided (Avery v. Springport [Case No. 676]) that bonds issued under a similar statute, without being sealed, were not in conformity with the statute, and did not bind the town.   In that case, however, the absence of the seals was patent to every purchaser, and the bonds, upon their face, carried evidence to purchasers that the agents of the town had not executed their authority in the manner prescribed by law.   Here, however, the purchaser had the right to assume, from the recitals in the bonds, over the signatures of the commissioners, that, when the bonds were issued, they were duly sealed.

The general doctrine, undoubtedly, is, that a municipal corporation, being the creature of the law by which it is created, can act only in the manner provided by its organic law, and, if its agents fail to observe the forms and methods prescribed by that law, in any substantial particular, their acts are not the acts of the corporation.   This doctrine, however, has been greatly modified by the decisions of the courts of the United States, in its application to municipal bonds issued by agents of municipal corporations, when the rights of bona fide purchasers are involved.   As is said in one of the latest cases in the supreme court of the United States, a bona fide purchaser of municipal bonds "takes the instrument freed from all infirmities in its origin, unless it is absolutely void, from want of power in the maker to issue it."   Cromwell v. Sac Co., 96 U. S. 51.   The bonds in suit were not void for want of power in the agents to issue them, but were only invalid because the power was exercised irregularly.

Assuming, also, for present purposes, that the officers of the railroad company negotiated the bonds after their delivery, in contra-

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

vention of the agreement upon which they were delivered, these facts do not justify granting a new trial. Proof of facts, amounting to a fraudulent diversion of the bonds, would impose on the purchaser the burden of showing a purchase for value, and without notice. He could not rest upon the presumption derived from the possession of the coupons; and the only effect of the newly-discovered evidence, in this case, would be to shift the burden of proof, and not to change the result of the controversy. For these reasons, the motion is denied.